### ARTIE SMITH *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 4—353.]

**Criminal Law—Aiding and Abetting Murder.**

> One who is merely present and is passive and neither aids nor abets, advises or encourages the killing is not guilty of murder, but one who maliciously aids, advises and encourages the killing at the time of the shooting or with malice confederates with the party shooting and is present for the purpose of committing the offense, and the person shot is killed, the party so aiding or abetting, or who has so confederated with another to take the life of the deceased and is present at the time of the killing, is as much guilty of murder as if he had fired the fatal shot and may be indicted as principal.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 24, 1882.

OPINION BY JUDGE PRYOR:

Artie Smith was indicted in conjunction with one Jessup for the murder of her husband (George). The court below at the instance of the commonwealth instructed the jury "that any person who is present at the commission of a murder, encouraging and inciting the same by words, questions, looks or advices, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor. This instruction was given without any objection or exception by counsel for the accused, but by way of explaining the meaning intended to be conveyed by it, counsel asked the court to say: First, that when the proof only

shows a person present at the commission of a murder without dis-
approving or approving, it is evidence in which a jury in connec-
tion with other circumstances may infer that the party so present
assented thereto, giving it his countenance and approval, etc. Sec-
ond, the mere fact that the accused was talking to Jessup (who shot
George) at the time he fired, is not evidence that she advised or
assisted in the killing. While both of the instructions asked were
erroneous, still as a qualification of the instruction given at the in-
stance of the commonwealth that was as equally erroneous, the
two instructions should have been given. That a party who coun-
tenances or approves. a killing in any way is guilty of murder, is
a comprehensive statement of the rule, and certainly when the party
present is merely passive and neither aids nor abets, advises or
encourages the killing, he can not be said to be guilty of murder.
When one maliciously aids, advises and encourages the killing at
the time of the shooting, or with malice confederates with the
party shooting, and is present at the killing for the purpose of com-
mitting the offense or having the deceased shot, and he is so killed,
the party aiding and abetting, or who has confederated with an-
other to take the life of the deceased and is present at the time
of the killing, is as much guilty of murder as if he had fired the
fatal shot and may be indicted as principal. In this case there is
proof of the presence of the accused with Jessup at the time of
the shooting, but no positive evidence that she advised or encour-
aged the shooting at the time, therefore the error in telling the
jury in effect that the mere presence of the accused was sufficient
to convict her. What took place prior to that time between her
and Jessup, if anything, relative to the killing is not necessary to
be discussed, but we think it certain that the instruction defining
the meaning of or the acts necessary to constitute an aider and
abettor of an offense was misleading and prejudiced the substan-
tial rights of the accused. This court held in *Thompson v. Com-
monwealth,* 1 Metc. (Ky.) 13, that to make one principal in a mur-
der it is not necessary that he should inflict the mortal wound, it
is sufficient if he be present aiding and abetting the act or if he
advise and counsel the commission of it. There is but one offense
charged in the indictment, that is, the offense of murder, and
whether the one held the deceased while the other shot him, or
advised and aided in the shooting is immaterial, as they are both
principals and the averment of malice is properly made. The trou-

ble in this case arises in the attempt of the court to tell the jury what acts are necessary to constitute one a principal in the first degree who does not in fact fire the fatal shot. A jury will readily understand the meaning of an instruction by which they are told that a party aiding and abetting in the commission of the offense is guilty and when the court undertakes to make the rule more comprehensive or to give in detail the facts necessary to establish the guilt in such a case an erroneous ruling will necessarily result. The demurrer to the indictment was properly overruled but the instruction given for the commonwealth was erroneous, and although not excepted to, the instruction asked by the accused that had the effect to cure the error, whether so intended or not, should have been given. When it goes back neither should be given as they are both erroneous and misleading. Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings.

*R. W. Slack, Joe Haycraft, for appellant.*

*P. W. Hardin, for appellee.*

[Cited, in *Baskett v. Commonwealth,* 19 Ky. L. 1995, 44 S. W. 970.]